```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

NORTHSTAR SERVICES, LTD.         *

          Plaintiff              *

     vs.                         *   CIVIL ACTION NO. MJG-16-4017

MJM INVESTMENT PROPERTIES, LLC   *

          Defendant              *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER STAYING CASE

The Court has before it Defendant MJM Investment Properties, LLC's ("MJM's") Motion to Stay Proceedings [ECF No. 11],[1] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I.  INTRODUCTION

As discussed in detail herein, the instant case and a case pending in a New Jersey state court are related.

As pertinent hereto, in the New Jersey case,[2] Martin Marano ("Marano") and Northstar Services, Ltd. ("Northstar") are asking the court to decide whether Marano or Northstar owns the right

---

[1] Plaintiff Northstar Services, Ltd.'s Motion to Dismiss Defendant's Counterclaim [ECF No. 15] shall be denied as moot because, by virtue of the stay being granted, MJM dismisses its counterclaims.
[2] Marano v. Glancey, et al., No. CAM-L-686-15 (N.J. Super. Ct. Law Div.).

to collect $784,908.00 from MJM Investment Properties, LLC ("MJM").

In the instant case, Northstar seeks to have this Court enforce against MJM certain rights that are in dispute in the New Jersey case. The Court can enforce these rights as Northstar wishes only if Northstar is determined to own the rights at issue.

By the instant motion, MJM seeks to have the Court stay the instant case pending resolution in the New Jersey case of the ownership of the rights at issue.

II.  DISCUSSION

A. Background

At all times pertinent hereto, Marano and his wife[3] have owned all the membership interests in MJM, an entity engaged in certain commercial operations not here relevant.

In 2012, Marano was the sole owner of the stock of Northstar, a Delaware corporation with its principal place of business in New Jersey, engaged in the trucking business. On August 12, 2012, Northstar and MJM entered into an agreement whereby MJM agreed to pay Northstar $784,908.00 for certain services and advances. The agreement, made between an entity

---

[3] Janet Tancredi

owned by Marano and an entity owned jointly by Marano and his wife, is referred to as the "Loan Agreement."

On December 30, 2013, Marano entered into an agreement, entitled "Stock Purchase Agreement ("the SPA") whereby four individuals[4] ("the Buyers") bought all of the shares of Northstar, but certain assets of Northstar were effectively excluded from the transaction.  Hence, on the closing date, January 31, 2014, the Buyers owned all shares of Northstar, but Northstar did not thereafter continue to own certain assets.  As pertinent hereto, the parties dispute whether after January 31, 2014, Northstar continued to own the right to enforce the Loan Agreement against MJM.

On January 12, 2016, Marano filed an Amended Complaint in the New Jersey case seeking, among other things, a declaratory judgment establishing that Northstar did not own the right to enforce the Loan Agreement against MJM[5] but that he personally owned that right.  Essentially, the question presented was whether, by virtue of the SPA, Northstar ceased to own the right to enforce the Loan Agreement and it was then owned by Marano. The New Jersey litigation remains pending, and the New Jersey court is proceeding to answer the question.

---

[4]   Christopher Glancey, Joseph Ragusa, Alfred Iannelli, and John Cirone
[5]   MJM is not a party to the New Jersey case.

On December 16, 2016, Northstar filed the instant law suit seeking, among other things, to enforce the Loan Agreement and require MJM to pay the $784,908.00 allegedly due.[6]

B. <u>Pertinent Principles</u>

It is within the Court's discretion and inherent authority to issue a stay of a matter pending on its docket. See <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

When deciding a motion to stay, courts weigh the following three factors:

(1) the interests of judicial economy;

(2) hardship and equity to the moving party if the action is not stayed; and

(3) potential prejudice to the non-moving party.

<u>Davis v. Biomet Orthopedics, LLC</u>, No. CIV. 12-3738-JKB, 2013 WL 682906, at *1 (D. Md. Feb. 22, 2013)(quoting <u>Johnson v. DuPuy Orthopaedics, Inc.</u>, No. 12 Civ. 2274(JFA), 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012)). "The party seeking a stay must justify

---

[6] In its Answer, MJM included a counterclaim seeking a declaration that Northstar did not own the right to enforce the Loan Agreement.

it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983).

###### C. <u>Resolution</u>

The Court concludes that it should grant a stay of the instant case pending the New Jersey court's determination of whether or not Northstar owns the right that it seeks to assert.

Unless the Court finds that Northstar owns the right to enforce the Loan Agreement by virtue of the SPA, this Court would not reach issues regarding interpretation and application of the terms of the Loan Agreement.

Thus, the instant case presents the threshold question of the effect of the SPA on the right to enforce the Loan Agreement. This issue is before the New Jersey state court and is being litigated actively therein. No benefit would be served by having this Court essentially duplicate the efforts of the New Jersey Court. Moreover, (1) a decision against Northstar in the New Jersey case, a party to that case, could be binding on Northstar and (2) a decision for Northstar by the New Jersey

court applying New Jersey law[7] – even if not binding on MJM – may well be considered persuasive by this Court.

Northstar may, to an extent, possibly suffer detriment by virtue of a delay in recovering funds allegedly owed by MJM. Northstar would, however, be able to seek prejudgment interest.[8] In any event, the possible detriment of a collection delay is greatly outweighed by the likely detriment to all concerned caused by unnecessary, duplicative judicial proceedings.

Finally, the Court notes that it could, in the circumstances here presented, properly abstain from determining the ownership of the rights at issue. The New Jersey case presents the same issue that is critical to the instant case litigated by effectively the same parties. It is, in relevant part, a parallel proceeding. See Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013)(quoting Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 464 (4th Cir. 2005)). Here, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Chase Brexton, 411

---

[7] The SPA provides that it "shall be governed by the laws of the State of New Jersey, as to all matters including matters of validity, construction, effect, performance and liability". SPA § 11.9 [ECF No. 11, Ex. A] at 38.

[8] There may be an issue as to whether the amount due by virtue of the Loan Agreement bears interest.

F.3d at 463 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

The bottom line is that this Court shall stay proceedings herein to await relevant action in the New Jersey case.

IV. CONCLUSION

For the foregoing reasons:

1. The Motion to Stay Proceedings [ECF No. 11] is GRANTED.

2. The Court shall issue an Order staying the case.

3. Defendant's Counterclaims are dismissed.

4. Plaintiff Northstar Services, Ltd.'s Motion to Dismiss Defendant's Counterclaim [ECF No. 15] is DENIED AS MOOT.

SO ORDERED, this Monday, April 3, 2017.

/s/
Marvin J. Garbis
United States District Judge